IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAROLYN L. YARBOROUGH #53816-037   *
                                    *    Civil Action No.  JFM-12-3714
Petitioner                          *
                                    *
v                                   *
                                    *
UNITED STATES OF AMERICA            *
                                    *
Respondent                          *
                                   ***

## MEMORANDUM

Pending is a petition, captioned as a "motion to vacate, set aside, or adjust sentence," filed by self-represented petitioner Sharolyn L. Yarborough, an inmate at FCI Danbury, Connecticut.[1]  After preliminary review, this court will order this matter transferred to the United States District Court for the District of Connecticut.[2]

Yarborough was sentenced to 36 months imprisonment for aiding and assisting preparation of false tax returns and making and subscribing to a false tax return in *United States v. Yarborough*, Criminal Action No. CCB-11-0203 (D. Md.  2011)  In support of the petition, Yarborough avers the following.  At the time of sentencing in this court, the Honorable  Benson Everett Legg recommended Yarborough for the Residential Drug Abuse Program ("RDAP").[3]

---

[1] Although captioned "motion to vacate," the petition does not appear to be a motion to vacate sentence under the provisions of 28 U.S.C. § 2255.  Yarborough is free to file such motion using court-approved forms available from the Clerk.  Given that sentencing occurred on September 26, 2011, a § 2255 motion may in fact be untimely. Furthermore, the motion presents no ground for sentence modification pursuant to 18 U.S.C. § 3582(c).

[2] Yarborough has neither paid the civil filing fee, nor submitted a motion seeking leave to proceed in forma pauperis.  In light of the outcome of this cse, she shall not be directed by this court to cure this deficiency.

[3]  The BOP is authorized under 18 U.S.C. § 3621(b) to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  The BOP is required to ensure that all eligible prisoners "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment ... [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1).

   As an incentive for successful completion of RDAP, "[t]he period a prisoner convicted of a nonviolent offense

Subsequent to federal sentencing, but before she began serving her federal sentence, Yarborough pled guilty to first-degree assault in the Circuit Court for Baltimore City.[4]  At the time of sentencing in the Circuit Court, she allegedly was counseled that the guilty plea would not affect her eligibility for early release or render her ineligible for sentence reduction under RDAP.[5]  Yarborough now claims that Bureau of Prisons ("BOP") personnel at FCI-Danbury have improperly interpreted her state court conviction as a crime of violence that would render her ineligible for participation in RDAP early release.  She requests that this court intervene in the BOP's decision by changing her sentence or ordering her released to home detention or a halfway house to complete her sentence.  ECF No. 1, p. 2.

---

remains in custody after successfully completing a treatment program **may** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). The statute is clear that early release remains within the discretion of the BOP. *See Lopez v. Davis*, 531 U.S. 230, 240 (2001). In the exercise of this discretion, the BOP has adopted regulations respecting the early release of prisoners who successfully complete RDAP.  For inmates to successfully complete all components of RDAP, they must participate in TDAT in the community. If an inmate refuses or fails to complete TDAT, he or she fails the RDAP and is disqualified for any additional incentives. *See* 28 C.F.R. § 550.56.

  The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal administrative review of any aspect of her imprisonment.  *See* 28 C.F.R. §§ 542.10–542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP–9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. See 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP–10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. *See* 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP–11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. *Id*. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. *See* 28 C.F.R. § 542.18. Yarborough does not indicate that she has completed administrative review of her current grievance in accordance with BOP policy.

[4] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=110232026&loc=69&detailLoc=DSK8. Yarborough paid court costs and is subject to three years of unsupervised probation, but did not receive a sentence of incarceration as a result of this conviction.  *Id; see also* ECF No. 1, p. 1.

[5] Yarborough entered RDAP on April 13, 2012, and is scheduled to complete the program on January 22, 2013.  She has been informed that despite program completion, she will not qualify for early release because of the Maryland conviction.  ECF No. 1, p. 1.

To the extent Yarborough seeks to attack her state court conviction, she may seek federal habeas corpus relief pursuant to 28 U.S.C. § 2254, after first completing any available state court review, including post-conviction review under Maryland's Uniform Post-Conviction Procedure Act.

Habeas corpus relief is available for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Fourth Circuit has recognized that "challenges to the execution of a federal sentence are properly brought under § 2241." *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). A petitioner seeking judicial review of the execution of her sentence under § 2241 "should name his warden as respondent and file the petition in the district of confinement." *Id.* at 680 (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)).

In this case, Yaborough is in the custody of the Warden, FCI-Danbury, a correctional facility in Connecticut. Consequently, this case will be transferred to the United States District Court for the District of Connecticut for consideration as may be deemed appropriate. A separate Order follows.

<u>December 21, 2012</u>               _____/s/_____
Date                                      Catherine C. Blake (for USDJ JFM)
                                                    United States District Judge